UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


DANIEL STORM,                         )    CASE NO. 4:08 CV 0896
                                      )
    Petitioner,                       )    JUDGE PETER C. ECONOMUS
                                      )
v.                                    )
                                      )    MEMORANDUM OF OPINION
                                      )    AND ORDER
J.T. SHARTLE, WARDEN, et al.,         )
                                      )
    Respondents.                      )


        Petitioner pro se Daniel Storm filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 8, 2008. Mr. Storm, who is confined at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"), filed this petition against the United States Parole Commission (U.S.P.C.) and F.C.I. Elkton Warden J.T. Shartle. Petitioner seeks an order "discharging Petitioner from his parolable offenses from 1986 and 1988 and directing the U.S.P.C. to withdraw its Warrant, instanter." (Pet. at 5.)

        The court notes that this is the second petition for writ of habeas corpus Mr. Storm filed in this court pursuant to 28 U.S.C. §2241. See Storm v. U.S. Parole Comm., No. 4:06cv2458 (N.D. Ohio filed Oct. 11, 2006)(Economus, J.) (hereinafter "Storm I"). Since the relevant facts

supporting the current petition are so inextricably tied to the facts in the earlier petition, the court will also rely on the more detailed record from the earlier petition.

## BACKGROUND

On January 29, 1986, Mr. Storm was arrested, taken into custody and held without bail. He was subsequently indicted in the United States District Court for the Northern District of Illinois. The indictment charged Mr. Storm with traveling in interstate commerce with intent to carry on an unlawful activity in violation of 18 U.S.C. §1952(a)(3); use of a communication facility to facilitate the commission of a violation of 21 U.S.C.§ 841(a)(1) in violation of 21 U.S.C. § 843(b) and conspiracy to do so in violation of 21 U.S.C. § 846.

Mr. Storm was sentenced on January 16, 1987 to two concurrent ten (10) year terms of imprisonment on Counts 1 and 2; a concurrent term of five (5) years on Count 3; a consecutive term of four (4) years on Count 4; a five(5) year probationary term on Count 5; and a four (4) year concurrent term for Counts 6 and 7. (Storm I, Pet.'s Ex. A, United States v. Storm, No. 86-CR-57, J. & C. of 1/16/87.)

Just over two years later, Mr. Storm pleaded guilty on January 24, 1989, in the United States District Court for the Eastern District of Wisconsin, to dealing in firearms without a license and attempted income tax evasion. It appears that the court sentenced him to two five (5) year consecutive terms on the two counts. When the Bureau of Prisons (BOP) aggregated his 1986 and 1987 sentences he was awarded jail credit from January 29, 1986 until January 15, 1987.

A review of petitioner's Sentence Monitoring Computation Data as of 5-11-2001 revealed that a detainer warrant was issued by the Racine County Sheriff on January 24, 1997 charging Mr. Storm "w/false swearing: two-year sentence + fines/costs." (Storm I, Pet.'s Ex. C. at

1.) The warrant was executed on February 3, 1997 and petitioner was committed on April 14, 1997 with a new sentence of 3282 days. It appears that although petitioner was scheduled for release on parole on May 11, 2001, the detainer warrant issued on January 24, 1997 kept him in custody until October 7, 2002. On that date he was released with 1722 days still to be served on a term of 3282 days.

While on parole, Mr. Storm was arrested June 21, 2003 and charged in the United States District Court for the Eastern District of Wisconsin with conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(A)(1) and (B)(1), § 846 and 18 U.S.C. §2. See United States v. Slaughter, No. 03-cr-143 (E.D. Wis. 2003). A parole violator warrant was issued on July 23, 2003 against "Daniel Slaughter" for violating the terms of his parole on the 20 years to life Special Parole Term imposed by the court. The court sentenced him on August 19, 2004 to 79 months in prison followed by 5 years probation for the §§ 841 and 846 violations. He received jail credit for the period between June 21, 2003 and August 18, 2004. His projected release date is March 14, 2009.

On September 23, 2005, a detainer was sent to F.C.I. Elkton based on the parole violator warrant issued on July 23, 2003 for "Daniel Slaughter." The detainer warrant, signed by the U.S. Parole Commissioner and dated July 23, 2003, notes that Mr. Slaughter was released on parole from F.C.I. Florence on October 7, 2002. It states further that "reliable information has been presented to the undersigned . . . that said released prisoner named in this warrant has violated one or more conditions of his release." (Storm I, Pet.'s Ex. F.)

In his present petition, Mr. Storm sets forth the following three claims for relief: (1) violations of the Sentence Reform Act; (2) due process violations and (3) violations of U.S.P.C. policy. Beyond bald declarations stating that these are his causes for relief, Mr. Storm has failed to

3

present any legal basis upon which this court can grant him relief.

## 28 U.S.C. § 2241

Under the savings clause of 28 U.S.C. § 2255, a district court may exercise jurisdiction over § 2255 claims under 28 U.S.C. § 2241 if the petitioner establishes that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is, however, the petitioner's burden to demonstrate that the remedy by motion is "inadequate" or "ineffective." The United States Court of Appeals for the Sixth Circuit has cautioned that it is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255. In Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999)(discussing "inadequate and ineffective" standard), and later in Martin v. Perez, 319 F.3d 799 (6th Cir. 2003)(discussing requirement of alleging "actual innocence" based on an intervening U.S. Supreme Court decision), the Sixth Circuit set out the burden placed on a § 2241 petitioner trying to challenge his conviction and/or sentence.

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a § 2255 motion to the trial court is a high one under Charles and Martin. For the same reasons set forth in this court's February 1, 2007 Memorandum of Opinion and Order, petitioner has failed to meet the requisite standard for relief.

## 28 U.S.C. §2244

The Supreme Court has made it abundantly clear that the principles of res judicata do not apply to habeas petitions. Schlup v. Delo, 513 U.S. 298, 317-19 (1995) ("This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of

res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (5th Cir.1981) (same). To address the volume of repeated petitions filed by prisoners to several courts in the hopes of obtaining a better result in another court or with another judge, Congress passed 28 U.S.C. § 2244. The statute allows a district judge to refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Thus, claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a). Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990).

It is under this line of authority that a district court may dismiss a petition if it appears that a court has previously passed on the legality to the petitioner's detention in a prior habeas petition and no new claim is raised. See Thunder v. U.S. Parole Com'n., No. 05-1296, 2006 WL 281089, at *1 (10th Cir. Feb. 7, 2006)(affirming dismissal of second § 2241 petition and citing George v. Perrill, 62 F.3d 333, 334 (10th Cir.1995)); see also Cofield v. Northeast Ohio Correctional Center, No. 07-1675, 2007 WL 2034283, at *2 (N.D. Ohio July 10, 2007). Such is the case herein. Mr. Storm previously claimed that the Parole Commission lacked jurisdiction to impose a violation because he contended his 1986 and 1987 sentences had already been served. For the same reasons set forth in this court's earlier opinion regarding Mr. Storm's claims about his 1986 and 1987 sentences, this petition lacks merit.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2244. The court certifies that an appeal from this decision could not be taken in good faith.

5

IT IS SO ORDERED.

                                                s/Peter C. Economus - 7/23/08
                                                PETER C. ECONOMUS
                                                UNITED STATES DISTRICT JUDGE